**IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS FOR THE
SECOND JUDICIAL DISTRICT AT BLYTHEVILLE**

**FILED**

FEB - 4 2014

DONNA HART
CLERK

CLINTON JOHNSON,

    Plaintiff,

Vs.

Docket No.: CV 2014-25 (PH)

NORMAN MILLER, GREG GRALAK,
GT EXPEDITED INC., KURTIS SCHAPERCLAUS,
AND FARMERS INSURANCE COMPANY, INC.

JURY DEMANDED

    Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Clinton Johnson, by and through his attorneys, Nahon, Saharovich, & Trotz, and for his complaint against the Defendants, Norman Miller, Greg Gralak, GT Expedited Inc., Kurtis Schaperclaus, and Farmers Insurance Company, Inc., herein respectfully charges and avers as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Clinton Johnson, respectfully alleges that he is an adult, resident, citizen of Brookland, Craighead County, Arkansas residing at 41 CR 762, Apt C, Brookland, Arkansas, 72417.

2. Upon information and belief, Plaintiff further alleges that defendant, Norman Miller, is an adult, resident, citizen of Mount Perry, Ohio, residing at 12241 Amish Ridge Road, Mount Perry, Ohio, 43760.



3. Upon information and belief, Plaintiff further alleges that defendant, Greg Gralak, is an adult, resident, citizen of Aurora, Illinois, residing at 1007 Windemere Lane, Aurora, Illinois, 60504.

4. Plaintiff alleges that defendant, GT Expedited Inc., is a corporation located at 574 Peregrine Parkway, Bartlett, Illinois, 60103. Upon information and belief, plaintiff alleges that defendant, Greg Gralak, was employed by the defendant, GT Expedited Inc., at all pertinent times herein and may be served with process through All American Agents of Process, Stephen Smith, 1206 Garrison Avenue, Fort Smith, Arkansas, 72901.

5. Upon information and belief, Plaintiff alleges that defendant, Kurtis Schaperclaus is an adult resident of Chamois, Missouri, residing at 1391 County Road 274B, Chamois, Missouri 65024.

6. Plaintiff alleges that at the time of the subject wreck, the defendant, Greg Gralak, was operating a tractor and trailer, which was owned and maintained by the defendant, GT Expedited Inc., and Defendant, Greg Gralak, was operating said vehicle with the consent, knowledge, and permission of the defendant, GT Expedited Inc., as their agent, servant, and/or employee, on or about their business, thereby imputing the negligence of Greg Gralak to the defendant, GT Expedited Inc.

7. The events giving rise to this cause of action occurred in Mississippi County, Arkansas. This is the proper venue for this action and this Court has jurisdiction of the parties.

## FACTS

8. On or about December 31, 2013, at approximately 6:22 a.m., Defendant Norman Miller was operating 1997 Chevrolet van pulling a utility trailer traveling northbound on I-55 in the outside travel lane in Blytheville, Mississippi County, Arkansas at or near log mile 64.27.

On the same date and place, Plaintiff, Clinton Johnson was operating a 1997 Nissan Maxima traveling northbound on I-55 in the outside travel lane some distance behind Defendant Miller's vehicle. As Defendant Miller crossed an overpass, he lost control of his vehicle causing it to come to rest facing southbound in the northbound lanes of I-55. Next, a 2006 Dodge pickup operated by Defendant Kurtis Schaperclaus, also northbound on I-55 in the inside travel lane came upon Defendant Miller's vehicle stopped in the roadway. Defendant Schaperclaus caused his vehicle to come to rest partly in the outside lane of travel and partly on the shoulder of the northbound lanes of I-55. Next, a 1997 Ford pickup, operated by Christopher Perkins, also northbound on I-55 in the outside travel lane came upon Defendant Miller's and Schaperclaus's vehicles stopped in the roadway. Perkins drove between the Miller and Schaperclaus vehicles and came to rest partly in the outside lane of travel and partly on the shoulder of the northbound lanes of I-55. Next, Plaintiff Johnson came upon all of the aforementioned vehicles stopped and blocking the roadway. Plaintiff Johnson also attempted to maneuver between the Miller and Schaperclaus vehicle but made contact with the Miller vehicle and came to rest in the inside lane of travel. Next, a 2008 Volvo tractor trailer rig with trailer attached, operated by Defendant Greg Gralak and owned and maintained by Defendant GT Expedited Inc., came upon the aforementioned vehicles. Defendant Gralak attempted to drive between the four aforementioned vehicles and made contact with all four. Defendant Gralak's tractor trailer rig struck Plaintiff Johnson's vehicle causing it to rotate counter clockwise, coming to rest partly in the outside travel lane and partly on the east shoulder of I-55 northbound. As a result of the conduct of the Defendants, the Plaintiff, Clinton Johnson, should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

## ACTS OF NEGLIGENCE

9. Defendant, Norman Miller, committed the following acts and omissions constituting common law negligence which were a direct and proximate cause of the injuries and damages described herein:

   a) Failing to keep a proper lookout;

   b) Failing to keep the truck he was driving under proper control;

   c) Inattentive driving

   d) Careless and prohibited driving

   e) Driving at a speed greater than was reasonable and prudent under the circumstances;

   f) Improper stopping;

   g) Improperly blocking the roadway; and

   f) Otherwise failing to exercise ordinary care under the circumstances.

10. Defendant, Greg Gralak, committed the following acts and omissions constituting common law negligence which were a direct and proximate cause of the injuries and damages described herein:

   a) Failing to keep a proper lookout;

   b) Failing to keep the truck he was driving under proper control;

   c) Inattentive driving

   d) Careless and prohibited driving

   e) Driving at a speed greater than was reasonable and prudent under the circumstances; and

   f) Otherwise failing to exercise ordinary care under the circumstances.

11. Defendant, Kurtis Schaperclaus, committed the following acts and omissions constituting common law negligence which were a direct and proximate cause of the injuries and damages described herein:

   a) Failing to keep a proper lookout;

   b) Failing to keep the vehicle he was driving under proper control;

   c) Inattentive driving

   d) Careless and prohibited driving

   e) Driving at a speed greater than was reasonable and prudent under the circumstances;

   f) Improper stopping;

   g) Improperly blocking the roadway; and

   f) Otherwise failing to exercise ordinary care under the circumstances.

12. At the time of incident described above, Plaintiff was covered by an automobile policy issued by Farmers Insurance Company, Inc.. A copy of the policy will be obtained in discovery and this complaint will then be amended to include the policy as an exhibit. In that policy is contained a provision for underinsured motorist coverage in the amount of $25,000.00 per person, for any damages caused by any underinsured motorist pursuant to Ark. Code Ann. §

23-89-209. That policy also includes a provision for uninsured motorist coverage in the amount of $25,000.00 per person, for any damages caused by any underinsured motorist pursuant to Ark. Code Ann. § 23-89-403.

13. Defendant Norman Miller is uninsured within the meaning of Ark. Code Ann. § 23-89-403 with respect to each of the name Plaintiffs herein. Pleading in the alternative, Defendant, Norman Miller is underinsured within the meaning of Ark. Code Ann. § 23-89-209 with respect to each of the name Plaintiffs herein.

14. Defendant Kurtis Schaperclaus is uninsured within the meaning of Ark. Code Ann. § 23-89-403 with respect to each of the name Plaintiffs herein. Pleading in the alternative, Defendant, Kurtis Schaperclaus is underinsured within the meaning of Ark. Code Ann. § 23-89-209 with respect to each of the name Plaintiffs herein.

## DAMAGES

15. As a result of the Defendants' negligence and carelessness, the Plaintiff sustained serious personal injuries, incurred expenses for medical care, treatment and services in the past and is reasonably certain to require medical care, treatment and services in the future, which amount includes transportation expenses necessarily incurred in securing such care. Further, the Plaintiff has experienced pain, suffering and mental anguish in the past and is reasonably certain to experience pain, suffering and mental anguish in the future. The Plaintiff has sustained a loss of earnings in the past and will suffer a loss of ability to earn in the future. As a result of the negligence of the Defendants, the Plaintiff Clinton Johnson should be compensated for the nature, extent, duration, and permanency of his injury as set out herein. Plaintiff also suffered property damage.

WHEREFORE, the Plaintiff, Clinton Johnson, prays for a judgment against the Defendants, Norman Miller, Greg Gralak, GT Expedited Inc., Kurtis Schaperclaus, and Farmers Insurance Company, Inc., in an amount adequate to compensate him for the injuries and damages he has sustained, and which amount exceeds the current minimum requirement for federal court jurisdiction in diversity of citizenship cases. The Plaintiff further prays for costs, interest and all other just and proper relief to which he may be entitled. The Plaintiff prays for a jury trial.

Respectfully submitted,

NAHON, SAHAROVICH & TROTZ, PLC

_____
Russell D. Marlin, (No. 2000107)
Attorney for Plaintiff
488 South Mendenhall
Memphis, Tennessee 38117
Tele: (901) 302-4910